## HAMANN *a.* KEINHART.

*Supreme Court, First District; At Chambers, October,* 1860.

CONFESSION OF JUDGMENT.—SUFFICIENCY OF STATEMENT.

A statement for judgment by confession, referring to a schedule annexed,—
*Held,* insufficient, for not showing the necessary facts.

Motion to set aside a judgment by confession.

LEONARD, J.—The statement in the confession sets forth the defendants' indebtedness to the plaintiff for money paid, laid out, and expended by the plaintiff for the defendants at their request, at the times and for the amounts mentioned in a schedule annexed, and for liabilities incurred by the plaintiff for the defendants as indorser of the notes mentioned in the schedule, said sums being paid, and liabilities incurred for the demands of the persons mentioned in the schedule against the defendants.

The statement, by its terms, refers to, and is dependent on, the specifications of the schedule for a compliance with the Code (§ 383). Does it show the facts out of which the indebtedness arose, and that the sum is justly due, or to become due, as required by subdivision 2 of section 383? and, so far as the judgment secures a contingent liability, does it state the facts constituting the liability, and that the sum confessed does not exceed the same, as required by subdivision 3?

The first portion of the schedule, amounting to $7,175.24, probably refers to certain promissory notes, although it is nowhere stated that such is the fact.

Assuming that they represent promissory notes, the schedule gives the dates, names of the makers, the names of those to whose order they are payable, the time at which they are made payable, and the amounts. It appears that the notes, some thirty in number, were all over-due when the statement was sworn to.

It does not, however, appear how the plaintiff is, or ever was, liable thereon. On several of the notes it does not appear that the defendants are either makers or indorsers, or that they are in any manner liable thereon. Why then is the plaintiff a creditor thereon? The statement alleges that the confession is made for money paid, and liability incurred for demands of persons mentioned in the schedule against the defendants. Referring to the schedule, we do not find any one mentioned there as persons having demands against the defendants.

If the confession is for money paid by plaintiff for the defendants, to the amount of this $7,175.24, then the dates when paid, and the persons to whom paid, are not furnished.

If the plaintiff is the holder of these notes, then they are evidence of debt against the defendants, and it was necessary to state the facts concisely out of which the debt arose. The statement and schedule are defective in these respects.

From the language in the "recapitulation" of the schedule, it may be fairly inferred that Hamann, the plaintiff, is the holder of the notes amounting to the said sum of $7,175.24. If so, they do not represent money paid, or liability incurred, by the plaintiff for the defendants.

The schedule also embraces eight notes, amounting to $2,099.79, made by the defendants, indorsed by the plaintiff, for which he is responsible (as the schedule states), not due at the time the confession was made.

By the terms of the statement, the schedule will inform us who are the persons having demands against the defendants for which the liability of the plaintiff has been incurred. There is, however, an entire failure in this respect. It is not stated for what debt the liability was incurred, or to whom either of the notes were given, or whether they were in fact outstanding. There is a failure here in stating the facts constituting the plaintiff's liability as required by subdivision 3 of section 383, under which this part of the judgment comes.

The three last specifications in the schedule do not state whose note is referred to, or how the plaintiff is liable therefor.

In all these respects the statement and confession are radically defective.

The judgment must be set aside.